**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBIN HEBERT** | * |
|      **Plaintiffs** | * |
| | * |
| **VERSUS** | * |
| | * |
| **SIDERS ANTONIOS, DG LOGISTICS, LLC,** | * |
| **DG LOUISANA, LLC, DOLLAR GENERAL** | * |
| **CORPORATION AND ACE AMERICAN** | *   **SECTION** |
| **INSURANCE** | * |
|      **Defendants** | * |
| | * |
| | * |
| | * |
| | *   **MAG. JUDGE:** |
| | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    Clerk of Court
        United States District Court
        Middle District of Louisiana
        777 Florida Street, Baton Rouge
        Baton Rouge, LA 70801

Defendants, Ace American Insurance Company ("Ace"), DG Logistics LLC ("DG Logistics"),

DG Louisiana LLC (DG Louisiana) and Dollar General Corporation (Dollar General) (collectively,

Ace, DG Logistics, DG Louisiana and Dollar General are referred to herein as "Defendants" or

"Movers") hereby submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446

and hereby remove this matter from the 21st Judicial District Court for the Parish of Livingston,

State of Louisiana, to the United States District Court for the Middle District of Louisiana. Movers

respectfully represent that the grounds for removal are as follows:

1.

On March 15, 2022, Plaintiff, Robin Hebert ("Hebert"), filed a "Petition for Damages"

instituting the matter entitled "*Robin Hebert v. Siders Antonios, DG Logistics, LLC, DG Louisiana, LLC, Dollar General Corporation and Ace American Insurance Company,*" Docket No. 173368, Div. B, on the docket of the 21st Judicial District Court for the Parish of Livingston, State of Louisiana. (*See* Plaintiff's Petition for Damages, attached hereto as Exhibit A).

2.

Plaintiff alleges that she suffered personal injuries and damages as a result of a motor vehicle accident at the intersection of Rushing Road and Pete's Highway, in Livingston Parish, Louisiana, on March 20, 2020.[1]

3.

In the Petition for Damages, Plaintiff named as Defendants: 1) DG Louisiana, as the alleged employer of Siders Antonios; 2) DG Logistics LLC, also as the alleged employer of Siders Antonios; 3) Dollar General Corporation, as the third alleged employer of Siders Antonios; 4) Ace American Insurance Company; and 5) Siders Antonios.

4.

As discussed more fully in Section II, *infra*, DG Louisiana and Dollar General were improperly joined in this action.  At the time of the accident, Siders Antonios was operating a vehicle owned by DG Logistics and was only employed by DG Logistics. (Affidavit of DG Logistics Corporate Representative, attached hereto as Exhibit B).  Accordingly, with regard to Siders Antonios' employer and the vehicle he was using on the day of the incident at issue, DG Logistics is the only properly named Defendant.

---

[1]  Exhibit A.

5.

This Notice of Removal has been timely filed under 28 U.S.C. § 1446(b)(3) within 30 days after receipt by Ace American Insurance Company, DG Louisiana, DG Logistics and Dollar General, through service or otherwise, of notice from which it could first be ascertained that the case is one which is or has become removable.

6.

Venue for this removal is proper because the United States District Court for the Middle District of Louisiana is the district court embracing Livingston Parish, Louisiana—where the state court action is pending.[2]

## II. GROUNDS FOR REMOVAL—DIVERSITY OF CITIZENSHIP JUDISDICTION

7.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (1) there exists complete diversity of citizenship between Plaintiffs and all properly joined Defendants and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship

8.

For purposes of federal diversity jurisdiction, a natural person is deemed to be a citizen of the state where he or she is domiciled.[3]  Plaintiff is a natural person domiciled in the State of

---

[2] *See* 28 U.S.C. § 1441.
[3] *See Freeman v. NW Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Hendry v. Masonite Corp.*, 455 F.2d 955, 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous").

Louisiana.[4]   Thus, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

9.

A corporation is deemed a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.[5]

10.

Ace is a company incorporated in the State of Pennsylvania with its principle place of business in the State of Pennsylvania.  Thus, Ace is a citizen of the State of Pennsylvania.

10.

Defendant, DG Logistics, single member is "DG Transportation Inc." which is incorporated and operates its principle place of business in Tennessee, and therefore a citizen of the State of Tennessee.

11.

Defendant, Sider Antonios, is a resident and domiciled in Alabama.  Thus Sider Antonios is a citizen of the State of Alabama.

12.

The complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied in this case because Plaintiffs and all properly joined Defendants are citizens of different States.

**B. Improper Joinder—Dollar General Corporation and DG Louisiana**

13.

Plaintiffs have improperly joined Dollar General and DG Louisiana, and thus, the citizenship of both Dollar General and DG Louisiana should be disregarded for purposes of

---

[4]  Exhibit A.
[5]  See 28 U.S.C. § 1332(c)(1).

determining diversity jurisdiction under 28 U.S.C. § 1332(a).[6]

14.

Under the improper joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined non-diverse and/or in-state defendant.[7]

15.

By plaintiff's own admission, DG Louisiana and Dollar General Corporation were only named in the alternative as Siders Antonios' employer at the time of the accident.[8]  However, it is undisputed that at the time of the accident, Siders Antonios was employed by DG Logistics and operating a vehicle owned by DG Logistics.[9]

16.

Defendant, National Dollar General, Inc. is a corporation and existing under the laws of the State of Tennessee, with its principal place of business in the State of Tennessee.

17.

Defendant, DG Louisiana, is a corporation and existing under the laws of the State of Tennessee, with its principal place of business in the State of Louisiana.

18.

Plaintiff alleged in Paragraph 3 of the Petition for Damages that at the time of the accident, Siders Antonios was operating a 2020 FTL Truck owned by, "DG Logistics, LLC, and/or DG

---

[6]  See Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co., 719 F. Supp. 2d 736, 738 (S.D. Tex. 2010) ("[A] court may disregard the citizenship of the parties that have been improperly joined.") (citation omitted).

[7] Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006); see also Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (applying improper-joinder doctrine to forum-state defendant); New Life Assembly of God of City of Pampa, Texas v. Church Mut. Ins. Co., No. 15-51, 2015 WL 2234890, at *3 (N.D. Tex. May 12, 2015) ("Improper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity.") (citing Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011)).

[8] Exhibit A.

[9]  Exhibit B.

Louisiana, LLC, and/or Dollar General Corporation." It is undisputed that the 2020 FTL Truck was solely owned by DG Logistics, LLC.[10]

19.

Plaintiff alleged in Paragraph 8 of the Petition for Damages that at the time of the accident, Siders Antonios was an "employee and representative of DG Logistics, LLC, and/or DG Louisiana, LLC, and/or Dollar General Corporation, and acting within the scope of his employment." When the accident at issue occurred, Siders Antonios was solely employed by DG Logistics.[11]

20.

Plaintiff alleged in Paragraph 9 of the Petition for Damages that at the "DG Logistics, LLC, and/or DG Louisiana, LLC, and/or Dollar General Corporation are liable to Robin Hebert for failing to supervise, train and/or monitor Siders Antonios as their employee. As noted above, when the accident at issue occurred, Siders Antonios was solely employed by DG Logistics.[12]

21.

Plaintiff has no arguable claim against Dollar General. While Dollar General Corporation is diverse; Plaintiff has improperly joined Dollar General Corporation as a Defendant in this matter.

22.

Plaintiff also named DG Louisiana, a Louisiana corporation, as a Defendant. Plaintiff has improperly joined DG Louisiana as a defendant in this matter in an attempt to invoke the in-state defendant rule provided in 28 U.S.C. 1441§§ (b)(2) to keep this action in state court.[13]

---

[10]
[11] Id.
[12] *Id*.
[13]

23.

Because Plaintiff has no arguable or reasonable basis on which to state a cause of action against Dollar General nor DG Louisiana, the entities were improperly joined.

24.

Complete diversity exists for removal jurisdiction because the above described action is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that no "properly joined and served" defendant as of the time of removal is a citizen of Louisiana, the Plaintiff's state of citizenship or of Louisiana. 28 U.S.C. §§ 1332, 1441, 1446.

### C.  Amount in Controversy

25.

Under federal statute, if the state in which a removed suit does not permit demand for a specific sum, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.[14]  Because Louisiana law states, "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand,"[15] a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[16]  The removing party may meet its burden of proof by (1) showing "it is apparent from the face of the petition that the claims

---

[14] *See* 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).
[15] *See* La. Code Civ. Pro. art. 893.
[16] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000) (*citing* La. Code Civ. Pro. art. 893, *and Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (*quoting Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

are likely to exceed $75,000," or (2) offering "summary judgment type evidence" to support a finding that the amount exceeds $75,000.[17]  To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.[18]  However, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulation, and amendments reducing the amount do not deprive the district court of jurisdiction.[19]  A court's determination of whether the amount in controversy requirement is facially apparent from a petition or through "other paper" should focus on the categories of alleged injuries and damages as well as the tortious nature of the plaintiff's claim.[20]

26.

Here, Plaintiff alleges in the Petition for Damages injuries and non-pecuniary damages. It is alleged that Plaintiff sustained physical pain and suffering mental anguish and loss of enjoyment of life along with past and future medical expenses.

27.

Additionally, per correspondence from Plaintiff's counsel, Plaintiff has already incurred $22,746 in medical expenses as a result of the injuries she allegedly sustained in our accident. Plaintiff has already undergone multiple injections and is continuing to undergo treatment for disc bulges at L3-4, L4-5 and L5-S1.[21]  (*See*, correspondence from attorney Freeman and the attached

---

[17] See, e.g., *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[18] See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).
[19] *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (ruling that if the defendant is successful, the plaintiff seeking remand must "show that, as a matter of law, it is certain that he will not be able to recover more than the" statutory amount).
[20] *See generally*, *Luckett*, 171 F.3d at 298.
[21] In *Manieri v. CR England, Inc.*, No. CV 19-2805, 2019 WL 2022535, at *3 (E.D. La. May 8, 2019), the Court held that medical bills and records indicating that the plaintiff had incurred $14,641.20 in medical expenses along with receiving a recommendation for an injection, did not trigger the 30-day period set forth in §1446, but that removal

medical records, attached hereto as Exhibit C).

28.

As referenced, *supra*, courts should focus on the categories of alleged injuries and damages as well as the tortious nature of the claims.[22]  Here, when considering the categories of alleged damages arising out of Plaintiff's various claims along with Plaintiff's treatment that is allegedly related to our accident, it is apparent that the amount in controversy in this matter exceeds $75,000.

29.

In addition to satisfying the facially apparent test, Plaintiffs' Petition for Damages lacks any general allegation that the monetary value of the case is less than the amount required under 28 U.S.C. § 1332(a) for federal diversity jurisdiction.[23]  According to Louisiana Code of Civil Procedure Article 893, such a general allegation is "required" to establish "the lack of jurisdiction of federal courts due to insufficiency of damages."[24]  Given the mandatory language of that article, a number of Fifth Circuit courts have held that a plaintiff "creates a strong presumption in favor of [diversity] jurisdiction" by failing to generally allege that his or her damages are insufficient for an exercise of such jurisdiction.[25]  Indeed, a plaintiff's failure to comply with the requirements of

---

was nonetheless proper under the preponderance of evidence standard. (*emphasis added*).

[22] See Luckett, supra n. 15.

[23] *See generally* Exhibit A, Pls.' Petition for Damages.

[24] *See* La. Code Civ. Proc. art. 893(A)(1) The full text of the subsection reads:  "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required." *Id*.

[25] *See, e.g., Bruce v. Fisher*, No. 06-0840, 2006 WL 2505908, at *1 (W.D. La. July 13, 2006) (internal citations omitted) (magistrate report and recommendation subsequently adopted in its entirety by district court as legally sound); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995) (explaining that when state law prohibits the allegation of a specific amount of damages, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their [state court] complaints" renouncing the right to recover damages in excess of $75,000 (quoting *In re Shell Oil Co*., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)); *see also Raborn v. Con-Way Truckload, Inc*., No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015); *Borill v. Centennial Wireless, Inc*., 872 F. Supp. 2d 522, 528 (W.D. La. 2012).

Article 893 is an important consideration in determining the sufficiency of the amount in controversy at the time of removal.[26] Thus, Plaintiffs' failure to include any general allegation in their Petition for Damages regarding the monetary value of their claims stands as further evidence that the amount in controversy exceeds $75,000.

30.

For each of the foregoing reasons, it is apparent that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III. TIMELINESS OF REMOVAL & FORUM-DEFENDANT RULE

31.

Movers have demonstrated that this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a) because it is a civil action between parties of diverse citizenship wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest. Now, Movers further show that this removal is timely sought under 28 U.S.C. 1446(b)(1) and does not violate the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

### A.  This Removal is Timely Under 28 U.S.C. 1446(b)(3)

32.

The timeliness of a notice of removal is governed by 28 U.S.C. § 1446(b). When a case, as stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

---

[26] *Treqknia Bannister v. ACE American Insurance Company, et al*., No. 16-2830, 2016 WL 2347861, at *2, n. 1 (E.D. La. May 4, 2016) (second footnote "1").

has become removable.[27]

33.

In the fraudulent joinder context, a defendant has 30 days from the date that the fraudulent joinder could first be ascertained in which to file a notice of removal.[28]

34.

DG Logistics and Dollar General first received notice of this case on March 28, 2022, when they received a copy of the Petition from Plaintiff's counsel via certified mail. (Service documents, attached *in globo* as Exhibit D).

35.

DG Louisiana and Ace first received notice of this case on March 28, 2022, when they were served with the Petition for Damages.[29]

36.

Movers first receive notice that that removal was proper on April 8, 2020, when Plaintiff's counsel first provided Plaintiff's medical records and medical billing documents.[30] This Notice of Removal, therefore, is timely filed within 30 days of that date.

**B. This Removal Does Not Violate 28 U.S.C. 1441(b)(2)'s Forum-Defendant Rule**

37.

The forum-defendant rule is set forth in 28 U.S.C. § 1441(b)(2) and states, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen

---

[27] 28 U.S.C. 1446(b)(3); *see also Crockett v. R.J. Reynolds Tobacco Co*., 436 F.3d 529, 532 (5th Cir. 2006).
[28] *See Jernigan v Ashland Oil*, 989 F.2d 812, 817 (5th Cir. 1993); *Delaney v. Viking*, 41 F.Supp.2d 672 (E.D. Tex. 1999).
[29] Id.
[30] Exhibit C.

of the State in which such action is brought."

38.

Here, no properly joined Defendant is a citizen of the State of Louisiana; thus, this removal does not violate the forum-defendant rule.

## IV. CONSENT TO REMOVAL

39.

When a civil action is removed and there are multiple defendants to the state action, all properly joined defendants must join the removal petition.[31]

40.

All properly named Defendants have consented to the subject removal petition.

## V. PROCEDURAL COMPLIANCE & CONCLUSION

41.

Pursuant to 28 U.S.C. § 1446(a), copies of "all process, pleadings and orders served upon" Movers are attached hereto as Exhibit "D."

42.

Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana.

43.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing

---

[31] *See* 28 U.S.C. § 1446; *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990).

law, and that it is not interposed for any improper purpose.

44.

Ace American Insurance Company, DG Logistics LLC, DG Louisiana LLC and Dollar General Corporation respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Middle District of Louisiana, State of Louisiana, effecting the removal of the suit entitled "*Robin Hebert v. Siders Antonios, DG Logistics, LLC, DG Louisiana, LLC, Dollar General Corporation and Ace American Insurance Company,*" Docket No. 173368, Div. B, on the docket of the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.

**WHEREFORE,** Defendants, requests that this Notice be deemed good and sufficient and that the above-entitled cause on the docket of the 21st Judicial District Court for the Parish of Livingston be removed from that Court to the docket of the United States District Court for the Middle District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully Submitted,

/s/*Emily E. Eagan*
EMILY E. EAGAN (No. 29166)
Email:      eeagan@glllaw.com
ANDREW G. WEST (No. 37354)
Email:      awest@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139
Telephone:      (504) 561-0400
Facsimile:      (504) 561-1011
ATTORNEYS FOR DEFENDANTS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing has been served upon all counsel

via electronic mail and/or facsimile and/or by depositing same in the United States mail, postage prepaid

and properly addressed this 2nd day of May, 2022.

<u>/s/ Emily E. Eagan</u>
EMILY E. EAGAN